IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:21-CV-387-RJC-DCK

| | |
|---|---|
| ANGELA L. HEIDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) MEMORANDUM AND |
| | ) RECOMMENDATION |
| EUGENE M. CARR, III, AND, CARR | ) |
| BLACKWELL & ASSOCIATES, P.C., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendants' Motion to Dismiss" (Document No. 5). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be <u>denied without prejudice in part</u> and <u>granted in part</u>.

### I. BACKGROUND

Plaintiff ("Plaintiff" or "Heider") initiated this action with the filing of the "Verified Complaint" (Document No. 1) (the "Complaint") against Defendants Eugene M. Carr, III, ("Carr") and Carr Blackwell & Associates, P.C. ("Law Firm") (collectively, "Defendants") on July 29, 2021. Plaintiff Heider is a resident of the state of Idaho (Document No. 1 p. 1). Defendant Carr is a resident of Henderson County, North Carolina, and Defendant Law Firm is a North Carolina corporation with its registered office in Henderson County, North Carolina. <u>Id.</u>

The Complaint asserts the following claims for relief: (1) negligence constituting legal malpractice; (2) gross negligence; and (3) fraud and/or negligent misrepresentation. (Document No. 1, pp. 6-10).

Plaintiff's claims arise from Defendants' alleged negligence and fraudulent/negligent misrepresentations related to the "Amendment to Contract Of Separation, Property Settlement, And Alimony/Spousal Support Agreement" (the "Settlement") (Document 6-3) between Plaintiff and her ex-husband, Mr. Heider, when Defendants served as Plaintiff's legal representation for separation and divorce legal proceedings. Id. In the Complaint, Plaintiff indicates that she and Mr. Heider separated on October 16, 2017, and Plaintiff retained Defendants on or about June 26, 2018. Id. at p. 3. The parties conducted a mediation which resulted in the execution of the Settlement on or about December 4, 2018. Id. at p. 2.

Plaintiff asserts that at the time the Settlement was executed, she "did not know the true value of the marital estate;" nonetheless, based on Defendants' actions and/or omissions, Plaintiff agreed to the Settlement. (Document No. 1, pp. 5-6). Plaintiff notes that she and Mr. Heider accumulated significant wealth during their marriage, and therefore, those assets were all marital property under N.C. Gen. Stat. § 50-20(b)(1). Id. at p. 4. Ultimately, the Complaint states, Plaintiff received an equitable distribution consisting of four retirement accounts and post-separation distributive awards totaling $637,000, whereas Mr. Heider received "everything else" totaling a distribution of approximately $4.6 million. Id. at p. 5.

Soon after its execution, Mr. Heider was "noncompliant with terms of the Settlement." (Document No. 1, p. 3). Plaintiff informed Defendants of Mr. Heider's noncompliance and noted that "the monetary terms of the Equitable Distribution appeared to be unfair to Plaintiff." Id. However, Plaintiff contends that Defendants assured her that the Settlement was fair and advised her to seek specific performance of the Settlement to force compliance by Mr. Heider. Id. at p. 4. Subsequently, the Complaint states, Mr. Heider, filed his "Complaint For Absolute Divorce" (Document No. 6-4) on January 9, 2019, in Mecklenburg County, North Carolina. Id. According

to the Complaint, Defendants did not file an Answer to Mr. Heider's "Complaint For Absolute Divorce" on behalf of Plaintiff, nor did they advise that anything could be done to modify the terms of the Settlement. Id. Defendants represented Plaintiff in the aforementioned matters until April 2019. Id.

Defendants filed their "…Motion to Dismiss" (Document No. 5) on September 28, 2021, along with "Defendants' Brief in Support of Motion to Dismiss" (Document No. 6). By the pending motion, Defendants seek dismissal of Plaintiff's Complaint pursuant to Fed.R.Civ.P 12(b)(6) for failure to state a claim upon which relief may be granted. (Document No. 5, p. 1). "Plaintiff's Response to Defendant's Motion to Dismiss" was filed on October 12, 2021. (Document No. 7). "Defendants' Reply Memorandum" was filed on October 19, 2021. (Document No. 8).

The pending motion has been fully briefed and is ripe for review and a recommended disposition to the Honorable Robert J. Conrad, Jr.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007));  see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

3

inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

"Defendants' Motion To Dismiss" asks the Court to dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted. (Document No. 5, p. 1). Defendants argue that Plaintiff's Complaint should be dismissed because: (1) Plaintiff's claims are precluded by the doctrine of judicial estoppel; (2) the "Judgment Of Divorce" (Document No. 6-6) did not prevent Plaintiff from contesting the Settlement on grounds of unconscionability; and (3) Plaintiff's fraud claim lacks the requisite particularity. Id.

In opposition, Plaintiff asserts that she has "properly alleged all required elements of legal malpractice for failing to advise a client during Equitable Distribution negotiations." (Document

No. 7, p. 2). Plaintiff claims that she has made "a forecast of the evidence sufficient to demonstrate that (1) her original equitable distribution claim was valid; (2) the equitable distribution claim would have resulted in a judgment in her favor; and (3) the equitable distribution judgment would have been collectible." Id. Further, Plaintiff responds to Defendants' arguments by asserting that: (1) judicial estoppel is inapplicable in this case; (2) Defendants' failure to respond to Mr. Heider's "Complaint For Absolute Divorce" (Document 6-4) precludes Plaintiff from contesting the Settlement on unconscionability grounds; and (3) Plaintiff has successfully presented her prima facie case as to the fraud claim. Id. at pp. 2, 8, 11.

The Court will examine Defendants' arguments for dismissal below. Ultimately, the Court is persuaded that, for purposes of the motion, Plaintiff's Complaint adequately alleges negligence and gross negligence claims constituting legal malpractice and negligent misrepresentation, and the Court will respectfully recommend that Defendants' motion to dismiss be denied without prejudice as to the negligence claims. However, with respect to Plaintiff's fraud claim, the Court will respectfully recommend that Defendants' motion to dismiss be granted.

**A. Judicial Estoppel**

Defendants first assert that Plaintiff is judicially estopped from contesting the Settlement because the three elements of judicial estoppel recognized by the Fourth Circuit are satisfied. See (Document No. 6, p. 11).

> (1) there must be a prior, inconsistent position of fact as opposed to an inconsistent legal theory; (2) the prior, inconsistent position of fact must have been accepted by the court; and (3) "the party sought to be estopped must have 'intentionally misled the court to gain unfair advantage.'"

Id. (citing Lowery v. Stovall, 92 F.3d 219, 223-24 (4th Cir. 1996) and Gilliam v. Sealy, 932 F.3d 216, 233(4th Cir. 2019)).

5

Defendants contend

> The doctrine of judicial estoppel protects courts and prevents Ms. Heider from intentionally misleading this court and gaining unfair advantage. The elements of judicial estoppel are met: (1) Ms. Heider made previous, inconsistent factual statements (the [Settlement] was fair, valid, and enforceable, but now it is not); (2) the previous, inconsistent factual statements were accepted by the previous court (the [Settlement] was specifically enforced); and (3) Ms. Heider intentionally misled the court to gain an unfair advantage (she had counsel that investigated the [Settlement], purposefully represented to the Court it was fair and equitable, obtained benefits from contractual enforcement, and is now attempting to gain an un-bargained for windfall via a purposeful representation that the [Settlement] is not fair.

Id. at pp. 2-3.

In support of the first element, Defendants point to Plaintiff's "Complaint For Specific Performance and Breach of Contract" (Document No. 6-10), which was filed in state court, and assert that it is "rife with statements on the validity of the [Settlement]." Id. at p. 13. In the "Complaint for Specific Performance…," Plaintiff stated the Settlement was voluntarily executed with consideration, not unconscionable, fair and equitable to herself, valid, legal, and binding in all respects. (Document No. 6, p. 13) (citing Document No. 6-10, ¶¶ 8-17). Further, Defendants assert that in multiple instances, Plaintiff addressed aspects of the Settlement and agreed to be governed by it, further confirming its validity and fairness. (Document No. 6, p. 13). Now, Defendants argue, Plaintiff is making "blatantly inconsistent factual statements" concerning the validity of the Settlement. Id. They state that she is attacking "the very agreement she… sought to enforce." Id. According to Defendants, Plaintiff's current position rests upon proving that the Settlement is unfair. Id. This contrasts, Defendants note, with Plaintiff's previous contentions that

the Settlement is fair, equitable, valid, and binding, thus presenting the Court with inconsistent factual representations. Id.

Next, Defendants contend that the second element of judicial estoppel is met because Plaintiff's "prior, inconsistent facts were accepted by multiple courts." Id. Defendants assert that North Carolina state courts accepted the validity of the Settlement in the August 2019 "Memorandum of Judgment/Order" for permanent custody and the November 2020 "Consent Order." Id. (citing Document No. 6-7 and 6-11).

Defendants also argue that Plaintiff's current cause of action meets the third element of judicial estoppel because Plaintiff's "previous contradictions were intentional, and they were used to gain an unfair advantage." (Document No. 6, p. 14). Defendants assert Plaintiff's intent can be derived from the multiple affirmative statements she made claiming the Settlement was valid. (Document No. 6, p. 15). Further, Defendants argue, Plaintiff made multiple statements, with the assistance of multiple different sets of legal counsel, affirming the validity of the Settlement. Id. Defendants argue that Plaintiff's success in the current action would be an "unfair advantage" since it would allow her to receive not only the bargained-for, agreed-to benefits of the Settlement, but also "the benefit of an additional, un-bargained-for windfall." Id.

Finally, Defendants argue Plaintiff cannot assert the "mistake" defense to judicial estoppel because Plaintiff's "prior, inconsistent factual statements were knowingly made in the course of litigation." (Document No. 6, p. 15). Defendants contend that Plaintiff "cannot now argue her representations regarding the validity of the [Settlement] were not intentional due to mistake." Id. at p. 16. Defendants further contend that Plaintiff's Complaint shows that she and her counsel "necessarily investigated" the terms of the Settlement in previous litigation and that she was aware

of the issues in 2018.  Id.  Nevertheless, Defendant asserts, Plaintiff acknowledged and represented to the courts the Settlement's fairness, enforceability, and validity.  Id.

In response, Plaintiff argues that Defendants' judicial estoppel argument "hinges on the import of a prior tangential pleading that (1) is inapplicable and (2) even if it does apply, does not warrant dismissal at this stage."  (Document No. 7, p. 3).

First, Plaintiff asserts that judicial estoppel does not apply where Defendants were not a party to the prior action.  (Document No. 7, p. 4).  Plaintiff further contends that the alleged inconsistent statements were not a "material matter."  Id. at pp. 4-5 (citations omitted).  Plaintiff also argues that Defendants have not presented evidence that she succeeded in maintaining a contrary position.  Id. at p. 5.

Further, Plaintiff emphasizes that the instant matter is not a later phase of a prior case, and to argue that Plaintiff "should be estopped from contesting [Defendants'] malpractice—because she previously accepted his advice—is akin to arguing that a client's acquiescence with his/her lawyer equates to a release of the lawyer."  (Document No. 7, p. 6).  To accept this position would "entirely undermine legal malpractice claims" and instead "punish a distraught… party for trusting her attorney."  Id.

Next, Plaintiff argues that even if judicial estoppel applies, it is excusable because the reason Plaintiff made allegedly inconsistent statements was due to Defendants' negligence.  Id.  Plaintiff contends that Defendants, having been the ones who convinced Plaintiff as to the fairness of the Settlement, "cannot now cry estoppel."  (Document No. 7, p. 7).  Moreover, Plaintiff argues that her prior conduct should be excused because it was based on "inadvertence or mistake."  Id. (citing New Hampshire v. Maine, 532 U.S. 742, 753 (2001)).  Plaintiff contends that her prior statements were the product of Defendants' "grossly inadequate failures" in advising Plaintiff as

to the fairness and conscionability of the Settlement, and thus Plaintiff was "justifiably mistaken" as to the alleged fairness of her equitable distribution settlement. (Document No. 7, p. 7). Plaintiff asserts that, "[a]t worst, there is a genuine issue of fact as to whether Plaintiff's later statements are excusable based on Plaintiff's misunderstandings." Id.

Finally, Plaintiff asserts that there is no evidence she gained an unfair advantage. (Document No. 7, p. 8). While Defendants state that Plaintiff seeks a windfall, Plaintiff contends that when Defendants failed to set aside the Settlement on the grounds of unconscionability and/or failed to preserve Plaintiff's right to do so at a later time (by not answering Mr. Heider's "Complaint For Absolute Divorce" (Document No. 6-4)), she was left with no choice but to either (1) enforce the unfavorable Settlement or (2) do nothing and receive no value. Id. Again, Plaintiff asserts that, at minimum, the equities require litigating these unresolved issues of material fact. Id.

In their reply, Defendants first contend that their argument for judicial estoppel is an affirmative defense, so it is immaterial whether Plaintiff properly pleads all elements of a legal malpractice claim. (Document No. 8, p. 2) (citing Kingsley v. Brenda & Gene Lummus, Inc., 1:11-CV-032-MR-DLH, 2011 WL 13214126, at *4 (W.D.N.C. Oct. 3, 2011); 5 Fed. Prac. & Proc. Civ. § 1271 (4th ed.)). If the affirmative defense is proven, Plaintiff cannot maintain her pleaded facts even if they are accepted as true. Id. (citing 5 Fed. Prac. & Proc. Civ. § 1271 (4th ed.)).

Second, Defendants reiterate that judicial estoppel is met and will bar Plaintiff's cause of action. Id. at p. 3. They do so by stating: (1) Plaintiff's use of North Carolina judicial estoppel law to discount Defendants' judicial estoppel opinion is not controlling in federal court; (2) judicial estoppel does not require mutuality of parties; and (3) the fairness, validity, and enforceability of the Settlement is a material issue, and in federal cases, representation regarding contracts applies.

9

Further, Defendants contend "[t]he fact remains that Plaintiff, represented by multiple different lawyers, has multiple times to multiple different courts and successfully argued and stated that the [Settlement] is fair, valid, and enforceable and now says it is not and has sued Defendants on that basis." (Document No. 8, p. 5).

Defendants clarify that they are not arguing that Plaintiff simply accepted their advice, but rather that, after taking Defendants' advice, she "actively chose" to argue and/or state that the Settlement was fair, valid, enforceable, and sought its enforcement in court. (Document No. 8, p. 6). Defendants also claim that Plaintiff gained an unfair advantage by seeking to enforce the Settlement to obtain its benefits. Id.

The undersigned finds that the doctrine of judicial estoppel does not preclude Plaintiff from bringing these claims.

When a party attempts to assert a position inconsistent with a prior position that the party has successfully asserted in another court, courts may apply the doctrine of judicial estoppel. Lowery v. Stovall, 92 F.3d 219, 223 (4th Cir. 1996). The purpose of this doctrine is to "prevent a party from playing fast and loose with the courts" and to "protect the essential integrity of the judicial process." Id. Even so, courts must apply this doctrine with caution. John S. Clark Co. v. Faggert & Frieden, P.C., 65 F.3d 26, 29 (4th Cir. 1995). While courts have had difficulty formulating a specific test for determining when judicial estoppel should be applied and specific requirements of such a test vary from state to state, certain elements must be met before courts will apply judicial estoppel. Lowery, 92 F.3d 219, 223-24.

First, the party sought to be estopped "must be seeking to adopt a position that is inconsistent with a stance taken in prior litigation." Id. at 224. That position "must be one of fact rather than law or legal theory." Id.

Second, that "prior inconsistent position must have been accepted by the court." Id. Judicial acceptance means only that the first court has "adopted the position urged by the party as part of a final disposition." Id. The Fourth Circuit in Lowery expressed that judicial acceptance "does not apply to the settlement of an ordinary civil suit" because there is "no judicial acceptance of anyone's position." Id. (citing Reynolds v. Commissioner, 861 F.2d 469,473 (6th Cir. 1998), where the Court found that bankruptcy settlements constitute "judicial acceptance" despite being a civil matter). This requirement ensures that judicial estoppel is applied in the narrowest of circumstances. Id.

Finally, the party sought to be estopped must have "intentionally misled the court to gain unfair advantage." Lowery, 92 F.3d 219, 224. The Fourth Circuit identifies this requirement as the "determinative factor" in the application of judicial estoppel. Id.

However, when a party's prior position is based on "inadvertence or mistake," "it is inappropriate… to apply the doctrine." Faggert & Frieden, 65 F.3d 26, 29. In Faggert & Frieden, the plaintiff claimed to derive their prior position from consultation with their attorneys, the defendants in the case, and whether that was true depended largely on the parties' credibility. Id. Based on the facts alleged in the complaint, it was unclear to that court that the plaintiffs had the "intent to mislead which is required to invoke judicial estoppel." Id. That court concluded that this was a factual dispute that required resolution by a jury, not one which succumbs to judicial estoppel. Id.

In contrast, the Court in U.S. ex rel. Saidiani v. NextCare, Inc. found the third element of judicial estoppel satisfied because the plaintiff "acted intentionally, not inadvertently, when he omitted this action on his bankruptcy filing." 3:11-CV-141-GCM, 2014 WL 4672417, at *4

(W.D.N.C. Sept. 18, 2014). The Court in that case concluded that the plaintiff was "indisputably aware" of his own deception. Id.

Based on Plaintiff's argument and applicable authority, the undersigned will recommend that Defendants' motion to dismiss Plaintiff's Complaint on judicial estoppel grounds under Rule 12(b)(6) be denied without prejudice. In particular, it does not appear that Plaintiff "intentionally misled the court to gain unfair advantage." Lowery, 92 F.3d 219, 224. As in Faggert & Frieden, Plaintiff here claims to derive her prior position from consultation with Defendants. 65 F.3d 26, 29. The truth of her claim depends largely on the parties' credibility, and it is not clear that Plaintiff had the "intent to mislead" as required to invoke judicial estoppel. Id. Further, this case differs from Saidiani because the Court has no supporting evidence that Plaintiff was "indisputably aware" of her ability to gain an unfair advantage for asserting her prior and current positions. 3:11-CV-141-GCM, 2014 WL 4672417, at *4. Instead, there are questions surrounding the facts regarding Plaintiff's intent. See Faggert & Frieden, 65 F.3d 26, 29. At this stage, the Court cannot "resolve contests surrounding the facts [or] merits" of the claim as a matter of law. See Martin, 980 F.2d at 952.

### B. Judgment Of Divorce

Defendants also argue that this action should be dismissed because the "Judgment Of Divorce" (Document No. 6-6) did not prevent Plaintiff from contesting the Settlement on the grounds of unconscionability. (Document No. 6, p. 17). In support of this contention, Defendants assert that unless a contractual separation agreement is incorporated into a divorce judgment, the parties maintain their contractual rights related to the contractual separation agreement. Id. (citing Walters v. Walters, 307 N.C. 381, 386 (1983)). Defendants note that the Settlement was not incorporated into the "Judgment Of Divorce" (Document 6-6). Id. Further, Defendants state that

Plaintiff cites no law to support her proposition that Defendants' failure to answer Mr. Heider's "Complaint For Absolute Divorce" (Document No. 6-4) prevented Plaintiff from later contesting the Settlement. Id. Defendants maintain that with the assistance of new counsel, Plaintiff utilized her contractual rights by filing the "Complaint For Specific Performance And Breach Of Contract" (Document No. 6-10) and pursuing contractual remedies for Mr. Heider's breach and compelling specific performance. Id. at p. 18.

In response, Plaintiff argues that an absolute divorce obtained in the state of North Carolina "shall destroy the right of a spouse to an equitable distribution of the marital property… unless the right is asserted prior to judgment of absolute divorce." (Document No. 7, p. 8) (citing Lutz v. Lutz, 101 N.C. App. 298, 301 (1991)). Because Defendants still represented Plaintiff at the time Mr. Heider filed the "Complaint For Absolute Divorce" (Document No. 6-10), Plaintiff insists that Defendants "knew or should have known at that time that the Settlement was unconscionable and in order to preserve the ability to set aside the Settlement while still securing enforcement powers of the court, [Defendants] should have answered the ["Complaint For Absolute Divorce"] and denied that equitable distribution was resolved." (Document No. 7, p. 9). Further, Plaintiff continues, "[w]hile it is true that the ["Judgment Of Divorce"] does not explicitly incorporate the Settlement by reference," once the court enters absolute divorce, it no longer has jurisdiction to order assets titled in one person's name to be transferred to another party. Id. Thus, Plaintiff argues, she is stripped of any enforcement mechanism even if she were to retain contractual remedies regarding the Settlement. Id. Moreover, Plaintiff asserts, because she has not set aside nor attempted to renegotiate the Settlement with the help of new counsel, "she has not 'lost her right to make a claim against the defendant for his negligence in representing her original claim.'" Id. at p. 10 (quoting Stewart v. Herring, 80 N.C. App. 529, 531 (1986)). Even if she maintained

the ability to set aside the Settlement and renegotiate with Mr. Heider, Plaintiff argues that she cannot be required to exhaust those remedies before pursuing a legal malpractice claim against Defendants. Id. at p. 11.

Lastly, Plaintiff asserts that she has presented her prima facie case should the facts alleged in her Complaint be accepted as true. (Document No. 7, p. 11). Plaintiff states that her inability to set aside the Settlement is "but one of a litany of negligence claims" against Defendants constituting her legal malpractice claim. Id. Plaintiff alleges that "advising a client regarding the division of a multi-million-dollar marital estate would require sufficient research into the value of said estate, appraisals of real property, business evaluations, review of marital bank statements and asset holdings, financial affidavits, etc." Id. at p. 12. Plaintiff contends that Defendants, knowing North Carolina law requires a 50-50 split, did none of the above, yet advised her that a court would award her less than even the proposed Settlement amount. Id.

In their reply, Defendants hold fast to their contention that their actions did not prevent Plaintiff from challenging the contractual remedies because it was not incorporated into the divorce, and Plaintiff herself has been able to pursue contractual remedies even after the divorce was finalized. (Document No. 6, pp. 7-8).

Here, the undersigned finds that though there may be questions over Plaintiff's ability to obtain her "fair" portion of marital property, Plaintiff has filed a "legally sufficient" Complaint that is "plausible on its face." See Martin, 980 F.2d 943, 952; see also Iqbal, 556 U.S. 662, 678. Even if Plaintiff is not or was not precluded from contesting the Settlement, the undersigned is not persuaded Defendants have sufficiently established that the negligence claims must be dismissed. Thus, the undersigned respectfully recommends Defendant's motion to dismiss Plaintiff's negligence, gross negligence, and negligent misrepresentation claims be denied without prejudice.

14

As Plaintiff asserts, her inability to set aside the Settlement and her lost right to equitable distribution is "but one of a litany of negligence claims" making up her larger negligence claims against Defendants. (Document No. 7, p. 11). Plaintiff has done more than provide "threadbare recitals of the elements of a cause of action" and has given Defendants "fair notice of what the claim is and grounds upon which it rests." See id.; Pardus, 551 U.S. 89, 93-94. For these reasons, it would be inappropriate to dismiss Plaintiff's negligence claims at this stage of the litigation.

**C. Fraud Claim**

Finally, Defendants persuasively assert that Plaintiff did not plead fraud with "requisite particularity."[1] (Document No. 6, p. 18) (citing Fed.R.Civ.P. 9(b)). Defendants contend that Plaintiff failed to properly plead that they had the "intent to deceive." Id. at p. 19. Indeed, Defendants continue, Plaintiff only makes a conclusory allegation that Defendants' advice "was intentionally calculated to deceive [Plaintiff]" and does not support her claim with the required specificity including the time, place, and contents of the false representation. Id. at 18-19.

The undersigned observes that "Plaintiff's Response…" (Document No. 7) fails to address Defendants' arguments for dismissal of her fraud claim. As such, it appears Plaintiff may have abandoned that claim.

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P.9(b). In the Fourth Circuit, the "circumstances" required to be pled with particularity are the "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Central Nat'l Gottesman Inc. v. Nakos Paper Prods. Inc., 2019 WL 7670103, at *4 (W.D.N.C. Aug. 28, 2019). Under North Carolina law, a plaintiff must show that four elements of fraud are

---

[1] Notably, Defendants do not seek dismissal of Plaintiff's negligent misrepresentation claim. See (Document No. 6, pp. 18-19).

15

satisfied: "(1) a false representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party." Central Nat'l Gottesman Inc., 2019 WL 7670103, at *4 (quoting Food Lion, LLC v. Schuster Mktg. Corp., 382 F. Supp. 2d, 793, 797 (E.D.N.C. 2005)). In Central Nat'l Gottesman Inc., the Court found that the plaintiff failed to identify "any specific fraudulent statement" or "false representation" made by the defendant. Id. Thus, the facts alleged in that complaint did not "state a plausible claim for fraud." Id. at *5.

Even if Plaintiff has not abandoned the fraud claim, the undersigned is not persuaded the Complaint states a plausible claim for fraud. Plaintiff merely states that "[Defendants'] advice to Plaintiff was intentionally calculated to mislead Plaintiff" without alleging any "specific fraudulent statement" or "false representation" that would support Defendants' "intent to deceive." See id. at *4. Therefore, Plaintiff's fraud claim should be dismissed.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendants' Motion to Dismiss" (Document No. 5) be denied without prejudice in part and granted in part. Specifically, the undersigned recommends that Defendants' motion to dismiss be denied as to Plaintiff's negligence, gross negligence, and negligent misrepresentation claims, but granted as to Plaintiff's fraud claim.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service

16

Case 3:21-cv-00387-RJC-DCK   Document 9   Filed 07/19/22   Page 16 of 17

of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: July 19, 2022

David C. Keesler
United States Magistrate Judge