UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00387-RJC-DCK

| ANGELA LOWE HEIDER, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | **Order** |
| EUGENE M. CARR, III and CARR BLACKWELL & ASSOCIATES, P.C., | ) | |
| Defendants. | ) | |

**THIS MATTER** comes before the Court on the Defendants' Motion to Dismiss (Doc. No. 5), the Magistrate Judge's Memorandum and Recommendation ("M&R") (Doc. No. 9), the Defendants' Objection to the M&R (Doc. No. 10), and the Plaintiff's Response to the Defendants' Objection (Doc. No. 12). The Court has also reviewed all the filings related to the Motion and the M&R. For the reasons below, the Court **ADOPTS** the M&R, and the Defendants' Motion to Dismiss is **GRANTED in part** and **DENIED without prejudice in part**.

I. BACKGROUND

No party objects to the M&R's description of this case's factual and procedural background. Thus, the Court adopts that description as set forth in the M&R.

II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A), (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made." *Id.* § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id.* Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee's note).

## III. DISCUSSION

Angela Heider claims that her former lawyer, Eugene M. Carr, III, failed to adequately represent her when he negotiated a settlement agreement during her divorce proceedings. Invoking diversity jurisdiction,[1] her Complaint asserts three claims against Carr and his firm: a malpractice claim premised on Carr's alleged negligence, another malpractice claim premised on his alleged gross negligence, and a claim for fraud and negligent misrepresentation.[2] Compl. ¶¶ 37–54, Doc. No. 1. In response, the Defendants assert three grounds for dismissal. They argue that Heider's claims are barred by the doctrine of judicial estoppel. Defs.' Mot. Dismiss 1, Doc. No. 5. And they insist that, despite the Judgment of Divorce that ended Heider's divorce

---

[1] According to Heider's Complaint, she is a citizen of Idaho, Carr is a citizen of North Carolina, and his firm is a North Carolina professional corporation. Compl. ¶¶ 1–3, Doc. No. 1. She also contends that the amount in controversy exceeds $75,000. Compl. ¶¶ 46, 53, Doc. No. 1. Therefore, the requirements for diversity jurisdiction appear to be met. *See* 28 U.S.C. § 1332(a).
[2] Heider's Complaint appears to plead fraud and negligent misrepresentation as two independent grounds for her third claim. *See* Compl. ¶ 48, Doc. No. 1. Thus, the M&R correctly interprets the Complaint as asserting a fraud claim and a negligent-misrepresentation claim. *See* M&R 16, Doc. No. 9.

2

proceedings, she can still obtain a greater share of the marital estate by showing that the Settlement Agreement is unconscionable. Defs.' Mot. Dismiss 1, Doc. No. 5.[3] They also argue that Heider failed to plead fraud with sufficient particularity. Defs.' Mot. Dismiss 1, Doc. No. 5.

The M&R concludes that the fraud claim should be dismissed, but it states that the claims based on negligence, gross negligence, and negligent misrepresentation should survive. M&R 16, Doc. No. 9. Finding no evidence that Heider intended to mislead the Court by making inconsistent representations, the M&R concludes that she should not be judicially estopped from asserting her claims. M&R 12, Doc. No. 9. The M&R also rejects the Defendants' argument that Heider's claims must fail because she can still obtain her desired share of the marital estate by proving the unconscionability of the Settlement Agreement. M&R 14–15, Doc. No. 9. However, observing the lack of details offered by Heider in support of her fraud claim, the M&R concludes that the Complaint fails to plead fraud with sufficient particularity. M&R 15–16, Doc. No. 9; *see* Fed. R. Civ. P. 9(b).

The Defendants object to part of the M&R. They argue that since Heider previously sought to enforce the Settlement Agreement, she should be estopped from alleging that Carr acted negligently when he negotiated it. Defs.' Obj. to M&R 7–11, Doc. No. 10. But the Defendants take no issue with the M&R's analysis of the effect that the Judgment of Divorce had on Heider's ability to seek a larger share of the marital estate. For her part, Heider asks the Court to adopt the M&R, and does not object to its determination that her fraud claim should be dismissed. Pl.'s Resp. Defs.' Obj. 8, Doc. No. 12. Although Heider persists in asserting that she is unable to challenge the conscionability of the Settlement Agreement, she does not object to the

---

[3] The Defendants do not explain exactly how this allegation undermines Heider's claims. Presumably, they rely on it to rebut Heider's assertion that she was damaged by Carr's alleged negligence. *See Hampton v. Scales*, 789 S.E.2d 478, 484 (N.C. Ct. App. 2016) (stating that a plaintiff must show damages to prove legal malpractice).

3

M&R's analysis of the issue, which ended with a recommendation in her favor. *See* Pl.'s Resp. Defs.' Obj. 5–7, Doc. No. 12. So just one issue remains for de novo review: whether the doctrine of judicial estoppel prevents Heider from asserting her negligence-based claims. As explained below, it does not.[4]

Three elements must be satisfied for judicial estoppel to apply. First, "the party sought to be estopped must be seeking to adopt a position that is inconsistent with a stance taken in prior litigation." *Gilliam v. Sealey*, 932 F.3d 216, 233 (4th Cir. 2019) (quoting *Lowery v. Stovall*, 92 F.3d 219, 224 (4th Cir. 1996)).[5] Second, "the prior inconsistent position must have been accepted by the court." *Id.* And third, "the party sought to be estopped must have intentionally misled the court to gain [an] unfair advantage." *Id.* (internal quotation marks omitted) (alteration added).

Here, Heider's former and current representations are not necessarily inconsistent, so the first element is not satisfied. In her prior contract-enforcement action, Heider made no representations about Carr's professional competence, and she never assessed the adequacy of his performance under North Carolina's Rules of Professional Conduct. Rather, she alleged that the Settlement Agreement he negotiated at least met the standards of enforceability and so required her husband's specific performance. Compl. ¶¶ 21–23, Doc. No. 1.[6] Here, however, Heider challenges Carr's professional competence. Compl. ¶¶ 40–41, Doc. No. 1. And even if Carr helped to produce an enforceable contract, he still could have failed to sufficiently represent

---

[4] Because the judicial-estoppel issue is the only one raised by the Defendants' Objection, it is the only issue subject to de novo review. There is no "clear error" in the M&R's analysis of the other issues. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee's note).

[5] Although this case is based on diversity jurisdiction, the federal judicial-estoppel doctrine applies. *Allen v. Zurich Ins. Co.*, 667 F.2d 1162, 1167 n.4 (4th Cir. 1982).

[6] Since the Defendants filed a motion to dismiss, the Court considers only the factual material contained in the Complaint. *See Bing v. Brivo Sys., LLC*, 959 F.3d 605, 608 n.2 (4th Cir. 2020).

Heider's interests in negotiations about the contract's terms. To represent her competently, Carr may have been required to do more than negotiate a contract that meets the minimum standards of enforceability.[7] Because Heider's former action related to contract enforceability while her current one centers on professional negligence, her previous and current positions are not necessarily inconsistent. Thus, the first element is not satisfied.

There is also no evidence that Heider "intentionally misled the court to gain [an] unfair advantage." *Gilliam*, 932 F.3d at 233 (quoting *Lowery*, 92 F.3d at 224) (alteration added). Heider's decision to enforce the Settlement Agreement made sense at the time. When she initiated her contract-enforcement action, she could not have been sure that she would receive any relief besides what she was due under the Settlement Agreement. By enforcing that agreement, she sought to obtain the benefits that Carr secured, however slight she thought they were. Now she argues that those benefits were not enough, and she insists that Carr should have done more. So success in this litigation would not give Heider an unfair windfall; it would only recognize an entitlement that she claims she always had.[8] Thus, at this stage, there is no evidence that Heider's "present position is an intentional attempt to mislead the court to gain [an] unfair advantage." *Lowery*, 92 F.3d at 225. That "determinative factor" forecloses the Defendants' judicial-estoppel argument. *Id.* at 224 (quoting *Tenneco Chems., Inc. v. William T. Burnett & Co., Inc.*, 691 F.2d 658, 665 (4th Cir. 1982)).[9]

---

[7] Heider alleges that Carr failed to take certain steps during the Settlement Agreement's negotiations. Compl. ¶¶ 40–41, Doc. No. 1. For example, she claims that he "[f]ailed to investigate and ascertain the identity of all marital assets." Compl. ¶ 40(b), Doc. No. 1.

[8] The Settlement Agreement gave Heider $637,000 of the marital estate. Compl. ¶¶ 31–32, Doc. No. 1. She contends that, under N.C. Gen. Stat. § 50-20, she was entitled to more than $2.6 million. Compl. ¶¶ 27, 29, Doc. No. 1.

[9] Complaining that the M&R does not continually use words like "allegedly" when describing the Complaint's allegations, the Defendants ask the Court to state that the M&R should not be cited as an authority on the factual details of the parties' dispute. Defs.' Obj. to M&R 11, Doc.

5

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The M&R (Doc. No. 9) is **ADOPTED**.

2. The Defendants' Motion to Dismiss (Doc. No. 5) is **GRANTED in part** and **DENIED without prejudice in part**. Specifically, the Motion is **GRANTED** as to Heider's fraud claim but is otherwise **DENIED**.

Robert J. Conrad, Jr.
United States District Judge

Signed: September 21, 2022

---

No. 10. But at the motion-to-dismiss stage, the veracity of Heider's factual allegations is irrelevant: those allegations are presumed to be true. *Darcangelo v. Verizon Commc'ns, Inc.*, 292 F.3d 181, 189 (4th Cir. 2002). Thus, the Defendants' requested disclaimer is unnecessary.